**IN THE COURT OF APPEALS OF IOWA**

No. 15-1038
Filed November 12, 2015

**IN THE INTEREST OF M.P., T.P., P.P., AND K.P.,**
**Minor Children,**

**C.P., Father,**
    **Appellant,**

**A.P., Mother,**
    **Appellant.**

_____

Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

The mother and father of four children separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**


Adam Hanson of Hanson Law Firm, Winterset, for appellant father.

Jessica Chandler of Chandler Law Office, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Paul White of the Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor children.


Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VOGEL, Presiding Judge.**

The mother and father of four children separately appeal the termination of their parental rights. Each parent asserts the statutory elements were not proved by clear and convincing evidence and it is not in the children's best interests to terminate, along with a plea from the mother to allow her additional time to reunify with the children. We find the father's incarceration and mother's unresolved drug addiction are both barriers to returning the children to either parent's care. Agreeing with the juvenile court that the children are in need of stability and permanency, and it is in the best interests of the children for the parents' rights to be terminated, we affirm.

## I. Background facts and proceedings.

The children (M.P., born 2002, T.P., born 2003, P.P., born 2005, and K.P., born 2012) were removed from the home in May 2014, while the father was incarcerated on pending drug and domestic abuse charges. The mother admitted to actively using methamphetamine, such that she was neglecting the care of the children. Two of the children tested positive for the presence of drugs in their systems. The children were adjudicated in need of assistance in July 2014 and the Iowa Department of Human Services (DHS) began efforts to assist in the reunification of the family. As to the mother, these services included substance abuse evaluation, mental health counseling, inpatient and outpatient substance abuse treatments, and individual therapy. The father was offered outpatient substance abuse treatment prior to his incarceration. No additional services were requested by either parent. The father's rights were terminated

under Iowa Code section 232.116(1)(b), (d), (f), and (h) (2015), and the mother's under section 232.116(1) (d), (f), (h), and (*l*). Each separately appeals.

## II. Scope of Review.

Due to the equitable nature of termination of parental rights cases, we review them de novo. *In re J.C.*, 857 N.W.2d 495, 500 (Iowa 2014). As is often cited:

> Termination of parental rights under chapter 232 follows a three-step analysis. *In re P.L.*, 778 N.W.2d [33,] 39 [(Iowa 2010)]. First, the court must determine if a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights. *Id.* Third, if the statutory best-interest framework supports termination of parental rights, the court must consider if any statutory exceptions set out in section 232.116(3) should serve to preclude termination of parental rights. *Id.*

*In re D.W.*, 791 N.W.2d 703, 706-07 (Iowa 2010).

## III. The Mother's Appeal- Statutory Grounds.

The mother asserts the statutory elements of Iowa Code section 232.116(1)(d), (f), (h), and (*l*) were not proved; that a bond she shares with the children should prevent termination; that the best interests of the children would be served by granting her additional time to participate in additional therapy; and finally, that her mother should have been granted placement of the children.

We need only to find termination under one subsection was proved by clear and convincing evidence to affirm the district court. *Id.* at 706.

As to paragraphs (f) and (h), the mother asserts the conditions which lead to adjudication no longer exist. From the onset of this case, the mother's efforts to comply with services and turn her life around were only marginally successful.

By her own testimony, she began using methamphetamine on a weekly basis in April 2014, progressing quickly to daily use. The children were removed from her care in May. In September, she participated in an inpatient treatment program for twelve days. Following her discharge, she began using again, every weekend. After minimal efforts, and being in and out of treatment programs, she claimed her last methamphetamine use was in February 2015, when she was jailed on a probation violation. After her release, she went to another treatment program for three weeks but was "kicked out" and sent back to jail. After thirty-seven days, she was released and sent to another inpatient treatment program for thirteen days. From there she was released and was participating in Drug Court. At the termination hearing, she testified she would be on probation for two years for third-degree burglary but had been sober for approximately eighty-five days.

Due to some of her disruptions during her visitation with the children, the visits remained fully supervised. Although she was homeless throughout the pendency of the case, she had just starting working days before the hearing and was hoping to save enough money to secure an apartment.

In light of her sporadic response to services and being in and out of jail during the year leading up to the termination hearing, we agree with the juvenile court the children could not be returned to her care at that time. We find the court properly found clear and convincing evidence to terminate the mother's rights under section 232.116(1)(f) as to M.P., T.P., and P.P., and (h) as to K.P.[1]

---

[1] Section 232.116(f) provides for termination of parental rights when:
    (1)    The child is four years of age or older.

Nonetheless, the mother, with her professed new attitude towards her life and her children, requested an additional six months to work towards reunification and prove her ability to parent the children safely. The juvenile court, having presided over many hearings over the previous year, found that reasonable efforts had been made to prevent termination and there should be no more delay in permanency for these children. We agree and affirm the denial of additional time.

## IV. The Father's Appeal –Statutory Grounds

Similar to the mother, the father asserts the provisions of Iowa Code sections 232.116(1)(h) and (f) were not proved, as there was a lack of evidence the conditions that led to the adjudication still existed.

At the time of the removal hearing, the father was in jail. His ability to care for the children only deteriorated, as by the time of the termination hearing the father was incarcerated in prison on domestic abuse and drug charges. Due to

---

(2)    The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3)    The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less then thirty days.
(4)    There is clear and convincing evidence that at the present time the child cannot be returned to the child's parents as provided in section 232.102.
A parent's rights may be terminated under section 232.116(1)(h) when:
(1)    The child is three years of age or younger.
(2)    The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3)    The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
(4)    There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

his incarceration, he has not seen the children since July 2014, although he testified he maintained telephone contact with them every Sunday.[2]  Although the father had been incarcerated since December 2014, he had yet to start a batterer's education program, which was a condition of his parole.  As a result, his prospects for reunification with the children in the near-term were slim.  By his own admission, he was not in a position to assume custody of the children, and the district court correctly terminated his parental rights to M.P., T.P., and P.P. under paragraph (f) and K.P. under paragraph (h).

## V.  Best Interests and the Parent-Child Bond

Both parents assert it is not in the children's best interests to have the parental rights terminated, and that the closeness of their separate relationships with the children, should have foreclosed termination.[3]  *See* Iowa Code § 232.116(2), (3).

Therapists for the three older children all testified as to the bond the children had with their mother.  The two older children expressed how they missed and worried about their father.  Yet, the therapists all articulated in one manner or another that, in spite of the children's anger, sadness, and confusion, which they acknowledged was caused by their parents' behavior, the children needed less anxiety and more stability and permanency.

DHS social worker Hilary Johnson testified:  "I believe—my professional opinion would be that it will do more harm than good to the four children to

---

[2] The father also asserts the mother should be granted a six-month extension, and that the maternal grandmother should have custody of the children to avoid termination. However, the father does not have standing to make either argument.  *See In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007); *In re D.G.*, 704 N.W.2d 454, 460 (Iowa Ct. App. 2005).

[3] The mother asserts the children could be placed with their maternal grandmother in Texas; however, DHS reported the home study was denied through Interstate Compact.

continue to be in limbo rather than knowing at least for right now where they're going to be." While Johnson acknowledged the attachment of the children to the mother, she described the relationship as "disrupted" by the ongoing strife, observed the children "pulling away from their mother based on the things that have gone on in the last year, how they feel they've been lied to," leading to a lack of trust of their mother. Johnson testified the oldest child expressed "a sense of relief knowing that [the foster home] is where she's going to be, this is where she's going to get to go to school, this is where she's going to go to bed at night."

We agree with the district court, neither parent had such a strong bond such that termination should be denied. Moreover, to allow these children to enjoy stability and permanency, after the upheaval caused by their parents, is in the best interests of the children as they move forward.

We affirm the juvenile court's termination of the mother's and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**